JUDGE BERMAN

'09 CIV 8022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TOTAL LUBRIFIANTS S.A.,

                                    Plaintiff,

            - against -

HUB SHIPPING SDN BHD,

                                    Defendant.
------------------------------------------------------------X

RECEIVED
SEP 18 2009
(        )
U.S.D.C. S.D.N.Y.
CASHIERS

Case No.: 09 CIV

**VERIFIED COMPLAINT**

Plaintiff TOTAL LUBRIFIANTS S.A. ("Plaintiff"), by and through its attorneys, Clyde & Co US LLP, as and for its Verified Complaint against the Defendant HUB SHIPPING SDN BHD ("Defendant"), alleges upon information and belief as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

2.      At all times material hereto, Plaintiff was and is a foreign business entity duly organized and existing under the laws of France.

3.      Upon information and belief, at all times material hereto, Defendant was and is a foreign business entity duly organized and existing under the laws of Malaysia.

4.      On or about September 15, 2007, Plaintiff and Defendant entered into a Marine Lubricants Supply Agreement ("Agreement") pursuant to which Plaintiff agreed to sell, and Defendant agreed to purchase, certain marine lubricants and other products to be used by Defendant in connection with its operation of various maritime vessels. A copy of the Agreement is attached hereto as Exhibit "A."

5.      During the course of the Agreement, Plaintiff sold and delivered to Defendant a number of marine lubricant products for which Defendant has failed and refused to pay Plaintiff in accordance with the terms of the Agreement. The total purchase price of these products, which is due and owing to Plaintiff, is $450,589.43.

6.      The Agreement provides for the payment of interest on any overdue amounts at the prevailing interest rate as quoted by the Banque Nationale de Paris on the date of said payment. *See* Agreement, paragraph 5.5. The interest payments on the unpaid amounts now total $26,132.08. A spreadsheet summarizing the dates and amounts of the product sales, the vessels involved, and the total amount of the payments and interest over due is attached hereto as Exhibit "B."

7.      Defendant's failure to pay to Plaintiff the money it owes under the Agreement constitutes a breach of the Agreement.

8.      As a result of Defendant's breach of the Agreement, Plaintiff has sustained damages in the total principal amount of at least $476,721.51, exclusive of interests, costs and attorneys' fees.

9.      Plaintiff has complied with all terms and obligations of the Agreement.

10.     The Agreement provides that all disputes thereunder are to be referred to arbitration in Paris, France, with English law to apply. *See* Agreement, clauses 14 and 15. Plaintiff is in the process of commencing the Paris arbitration.

11.     Interest, costs and attorneys' fees routinely are awarded to the prevailing party in Paris arbitration. As best as can now be estimated, Plaintiff expects to recover the following amounts:

        A.     Principal claim                              $476,721.51;

| | | |
|---|---|---|
| B. | Estimated interest on claim- | |
| | 3 years at 7.5% compounded quarterly: | $119,045.17; |
| D. | Arbitration Administrative Costs ($12,650) and | |
| | Arbitrator's fees ($21,000) | $ 33,650.00; |
| C. | Estimated attorneys' fees and expenses: | $100,000.00; |
| Total: | | $729,416.68. |

12. Upon information and belief, Defendant is and during the pendency of this litigation will continue to be engaged in international maritime commerce.

13. International business transactions such as those engaged in by Defendant in the regular course of its business operations frequently require payments to be made in U.S. Dollars. *See e.g.*, Agreement, clause 7 (requiring payment to be made in "USD").

14. Upon information and belief, because Defendant is and will continue to be during the pendency of this litigation engaged in international commerce, it will continue to enter into business transactions requiring that the payments be made in U.S. Dollars.

15. Upon information and belief, U.S. Dollar payments made pursuant to international commercial transactions of the type engaged in by Defendant frequently are made via electronic fund transfers. Approximately 95% of all electronic funds transfers between non-U.S. parties transacting business in U.S. Dollars are made via the Clearing House Interbank Payments System ("CHIPS"). These payments involve routing the electronic funds transfers through a CHIPS participating bank, usually located in New York City, operating as an intermediary bank, in order to convert the foreign currency into U.S. Dollars.

16. Upon information and belief, because Defendant is and will continue to be during the pendency of this litigation engaged in international commerce, it will continue to make or

receive some or all of the payments involved in that commerce in U.S. Dollars, and some or all of those payments will be made via electronic funds transfers processed through the CHIPS system, and will be routed through a CHIPS participating bank located in New York City (within this District) in order to convert the foreign currency into U.S. Dollars.

17.     Under the law of the Second Circuit, electronic funds transfers to or from a party in the hands of an intermediary bank are considered to be the property of that party and can be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"). *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 436 (2d Cir. 2006).

18.     Accordingly, upon information and belief, Defendant has or will have during the pendency of this litigation assets in this District in the form of electronic funds transfers at banks located in this District.

19.     Defendant cannot be found within this District within the meaning of Rule B but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

20.     The Plaintiff seeks an order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching any assets of the Defendant held by any garnishees within the District, for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claims as described above.

WHEREFORE, Plaintiff prays as follows:

A.      That process in due form of law issue against Defendant, citing Defendant to appear and answer under oath all and singular the matters alleged in the Verified Complaint failing which default judgment be entered against it in the sum of $729,416.68;

B.      That since the Defendant cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all goods, chattels, credits, letters of credit, bills of lading, effects, electronic fund transfers, debts and monies, tangible or intangible, or any funds up to the amount of $729,416.68 belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.      That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

D.      That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

E.      That in the alternative, this Court enter Judgment against the Defendant on the claims set forth herein;

F.    That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

G.    That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:  September 18, 2009
        New York, New York

                                        CLYDE & CO US LLP

                                        By: _____
                                        Christopher Carlsen (CC 9628)
                                        405 Lexington Avenue
                                        New York, New York 10174
                                        Tel: (212) 710-3900
                                        Christopher.carlsen@clydeco.us

                                        Attorneys for Plaintiff

# VERIFICATION

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF NEW YORK  )

1.      My name is Christopher Carlsen.

2.      I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.      I am a member in the firm of Clyde & Co US LLP, attorneys for the Plaintiff.

4.      I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.      The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.      The source of my knowledge and the grounds for my beliefs are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.      I am authorized to make this Verification on behalf of the Plaintiff.

Dated:      September 18, 2009
              New York, New York

                                      Christopher Carlsen

Sworn to before me this 18th day of September, 2009

Notary Public

DANIEL CORRELL
Notary Public, State of New York
No. 02CO6102892
Qualified in Nassau County
Commission Expires Dec. 8, 2011

EXHIBIT A

# *Lubmarine*

---

### MARINE LUBRICANTS SUPPLY AGREEMENT

---

THIS AGREEMENT is made on the 15th September 2007,

BETWEEN

**TOTAL LUBRIFIANTS S.A.**, a company organized and existing under French law, with a registered capital of 27 085 708 Euros, having its registered office at Le Diamant B – 16, Rue De La Republique – 92922, Paris. La Defense Cedex, France – Registered at Nanterre (France) under the number: 552 006 454 RCS Nanterre,

Represented by Caroline HUOT, Lubmarine Asia Pacific General Manager,

Hereinafter referred to as "TOTAL Lubrifiants S.A." or "the Seller",

And

**HUB SHIPPING SDN BHD**, a company organized and existing under Malaysia law, and having its registered office at 9th Floor, Menara Lien Hoe, No. 8, Persiaran Tropicana, Tropicana Golf & Country Resort, 47410 Petaling Jaya, Selangor Darul Ehsan, West Malaysia – Registered at Malaysia.

Represented by Yii Ming Sung, Director

Hereinafter referred to as "the Buyer",

For the lubrification of:       See "Vessel Name" shown in Annex 1



Adresse postale : Le Diamant B - 16, rue de la République - 92922 Paris-La-Défense Cedex
Tel. 33 (0)1 41 35 48 02 - Fax 33 (0)1 41 35 38 97

TOTAL LUBRIFIANTS : Société Anonyme au capital de 27 085 708 €.
Siège social : Le Diamant B - 16, rue de la République –
92970 Paris-La-Défense Cedex France B 552 006 454 RCS Nanterre

# Lubmarine

WHEREBY IT IS AGREED AS FOLLOWS:

## 1. PURPOSE:

The Seller agrees to sell and the Buyer agrees to purchase the Seller's Marine Lubricants and other related products (hereinafter called the "Products") available at ports of call (as listed in the International Ports Directory), in accordance with the following documents:

- The particular conditions mentioned in this agreement,
- The International Prices List of TOTAL Lubrifiants S.A., including its revisions and successive publications thereof applicable at the date of delivery (hereinafter referred to as the "IPL")
- The General Terms of Sale of TOTAL Lubrifiants S.A. (inserted in the IPL) including its revisions and successive publications thereof applicable at the date of delivery (hereinafter called the "GTS"),
- The International Ports Directory (hereinafter referred to as the "IPD") including its revisions and successive publications thereof applicable at the date of delivery.

The GTS, the IPL number 42 dated 02nd October 2006 and the IPD dated 01st April 2007, are appended to the present contract and form integral part of it. Where there is a conflict between the provisions of the GTS and/or the IPL and/or the IPD and any special conditions that may have been agreed in writing by the parties in this agreement, the latter shall prevail.

## 2. ORDER CONFIRMATION

2.1. Should the contract be entered into by any agent/trader/broker/owner/manager/operator acting as an agent of the Buyer, whether such action is disclosed or undisclosed, then such agent/trader/broker/owner/manager/operator and/or holder of any interest in the vessel receiving the products, shall be liable for and guarantee not only as an agent but also as a principal buyer, the proper performance of all the obligations of the Buyer under this agreement.

2.2. It is agreed that all orders of supply and/or deliveries for supply are considered to be emanating from the master/captain of the vessel even if relayed by the Buyer to the Seller and even if no written request from the master/captain of the vessel exists. The dues and costs of such supplies and/or deliveries shall be treated as a primary lien on the vessel and shall be considered similar to any primary debts, as government and crew debts on the vessel.

## 3. DELIVERY:

3.1 The Buyer shall by itself or through its nominated representatives take delivery of the supplies of the Products. In the event that the Buyer and/or its representatives fails, neglects and/or refuses to sign the Seller's delivery receipt(s) for any reason whatsoever, the Seller shall nevertheless absolutely be entitled to invoice and bill the Buyer for the quantities of the said products shown on such delivery receipt(s), which shall be conclusive evidence of the products sold and delivered to the Buyer.



Adresse postale : Le Diamant B - 16, rue de la République - 92922 Paris-La-Défense Cedex
Tél. 33 (0)1 41 35 48 02 - Fax 33 (0)1 41 35 36 97

TOTAL LUBRIFIANTS : Société Anonyme au capital de 27 085 708 €.
Siège social : Le Diamant B - 16, rue de la République —
92970 Paris-La-Défense Cedex France B 552 006 454 RCS Nanterre

TOTAL

2

# Lubmarine

3.2 In the event that the Buyer delays or postpones taking delivery of the said products after the said products have been loaded on the Barge/Tank Truck, the Buyer undertakes and guarantees herein that it shall bear all expenses incurred in the re-bonding of the said products to the warehouse.

3.3 The Buyer agrees that in the event that the confirmed time of arrival of the vessel (CTA) nominated by the Buyer, shall be delayed for more than twelve (12) hours however caused, the storage charges incurred during the period of delay shall be for the Buyer's account. The Buyer further undertakes to indemnify the Seller for all losses and damages occasioned by the aforesaid delay.

3.4 In the event that the order is processed, that the full quantity is loaded in delivery barge or that the drums have been already dispatched but the vessel is unable to receive such partial/full quantity ordered, the Buyer shall agree to pay for all expenses (transportation, customs charges, etc.) incurred for such return.

3.5 In the event that the vessel calls at a port where the Seller has no supply facilities, the Seller shall inform the Buyer in writing before ordering equivalent lubricants to another supplier.

## 4. SALE OR TRANSFER OF THE VESSEL DURING THE CONTRACT PERIOD:

In the event of a vessel object of the present contract being sold or transferred during the contract period, thus falling to lift its total marine lubricants requirements from Lubmarine for the duration of the contract, the owner will be requested to allocate a similar tonnage vessel as substitution for the balance contract period.

## 5. PRICE:

5.1 The prices for the various grades of Marine lubricants shall be calculated with reference to the Seller's International Price List (IPL) and General Terms of Sales detailed in the IPL, in force on the delivering date.

5.2 From this initial price, the Seller agrees to grant to the Buyer discount levels in the cases and in the manner shown in Annex 4. The net continuity prices as of the date of signature of the contract are given in Annex 5.

5.3 Those contractual commercial conditions shall be subject to any change of TOTAL Lubmarine IPL or any price increase as may happen during the course of the contract. In case the Buyer refuses the updated commercial conditions, both parties are entitled to terminate the agreement with two (2) months notice period. In such case, no indemnity will be due by either party.

5.4 In the event that during the contractual period any engine producer shall recommend or request any marine lubricants of a specification different from the specification initially agreed by the parties, then the Buyer undertakes to buy such lubricants from the Seller and the Seller undertakes to grant corresponding rebates for any such lubricants.



Adresse postale : Le Diamant B - 16, rue de la République - 92922 Paris-La-Défense Cedex
Tel. 33 (0)1 41 35 48 02 - Fax 33 (0)1 41 35 36 97

TOTAL LUBRIFIANTS : Société Anonyme au capital de 27 085 708 €.
Siège social : Le Diamant B - 16, rue de la République –
92970 Paris-La-Défense Cedex France B 552 006 454 RCS Nanterre

**TOTAL**



3

# Lubmarine

5.5 If the Buyer commits a breach of any of the terms or conditions of this agreement, the Seller shall have the absolute right to withdraw the discounts for switchover/ supply from the Buyer. Further, all overdue accounts shall be paid by the Buyer to the Seller forthwith together with interest thereon at the prevailing interest rate as quoted by the Banque Nationale de Paris on the date of said payment.

## 6. ADDITIONAL CHARGES:

6.1 Port differentials and drum/pail charge will be applicable and will be charged to the Buyer, as detailed in TOTAL Lubmarine IPL in force at the time of delivery. Deliveries made by pumping from drums are considered drum deliveries and drum fees are thus applicable for such deliveries.

6.2 Aforementioned port surcharges never include barging charges.

6.3 Minimum delivery charge of USD 150.00 shall be applicable for delivery of less than five (5) drums.

6.4 Any additional charge will be advised before delivery.

6.5 The Buyer undertakes to pay all local government duties and extra delivery charges (if any) in connection with all the transactions herein.

## 7. PAYMENT:

All payment for the delivery and other costs due shall be made with no offset, counterclaims or withholding whatsoever, by bank transfer to the account shown on the Seller's invoice within sixty (60) days from the date of invoice.

All bank charges pertaining to these payments shall be borne by the Buyer.

Payment shall be made in USD.

## 8. UNPAID SELLER'S LIEN

Sales shall be made on the credit of the receiving vessel as well as on the credit of the Buyer, and the amount due shall become a maritime lien against the vessel or her sister ships immediately upon each delivery.

## 9. OIL SAMPLES ANALYSIS :

Total Lubrifiants will provide free laboratory testing of used lubricants of up to 20 samples/vessel/year for the contracted vessels. Any testing above will be chargeable at the cost as published in the IPL in force at the date of analysis. A test kit per vessel will be provided free of charge. Furthermore, special technical reports and/or on board visit reports, will be provided to the company headquarters yearly or upon special request.



Adresse postale : Le Diamant B - 16, rue de la République - 92922 Paris-La-Défense Cedex
Tel. 33 (0)1 41 35 48 02 - Fax 33 (0)1 41 35 36 97

TOTAL LUBRIFIANTS : Société Anonyme au capital de 27 085 708 €.
Siège social : Le Diamant B - 16, rue de la République —
92970 Paris-La-Défense Cedex France B 552 006 454 RCS Nanterre

**TOTAL**



4

# *Lubmarine*

## 10. CONTRACT DURATION:

This agreement shall last for a period of three (03) years, commencing from the date of first delivery to the contracted vessel(s). The contract shall be automatically renewed by tacit agreement of the parties for subsequent periods of one (01) year.

## 11. TERMINATION:

Beyond the termination case foreseen in Clause 4.3, either party can terminate this agreement upon written notice given to the other at least two (2) months before expiration of any of the here above contract period.

This agreement may also be terminated in the case of hardship occurrences, as defined below, and in compliance with the conditions hereinafter described.

## 12. FORCE MAJEURE:

Neither the Seller nor the Buyer shall be liable to the other for defaults or delays in performing the obligations of this agreement where such defaults or delays result from force majeure or causes beyond their control and not due to either party's fault or negligence including but not restricted to Acts of God or the public enemy; floods; fires; hostilities; war (declared or undeclared); labor disturbances; strikes; riot; insurrections; civil commotion; epidemics; storms; earthquakes; accidents; expropriation or confiscation of producing, manufacturing, selling or delivery facilities, commandeering of raw materials, goods, plants or facilities; interference with supplies to Seller from their existing sources of supply (for the place at which delivery hereunder is to be made) of containers, lubricants or the crude oils or additives from which they are derived, such lubricants or such crude oils or base oils or additives by reason of request or of agreement with any governmental authority to whose jurisdiction Seller is subject or any allocation program or rationing or priorities in effect pursuant to governmental direction or request or instituted in cooperation with any governmental authority, or by any acts beyond the Seller's control PROVIDED that during the continuance of any such default or delay, Buyer shall be at liberty to purchase from alternative sources during Seller's inability to deliver.

## 13. HARDSHIP

13.1 If during the performance of this agreement, there should arise economic, political or technical circumstances which were unforeseen by the parties and are beyond their control (including situation of shortage), and which make performance of the agreement so onerous (thought not impossible) for one of the parties that the burden would exceed all the anticipatory provisions made by the parties at the time the agreement is signed, such affected party shall be entitled to equitable relief, and may request the revision of the agreement.

13.2 The parties will endeavour in good faith to renegotiate the terms of this agreement to the end that this agreement shall operate between the parties with fairness.

Adresse postale : Le Diamant B - 16, rue de la République - 92922 Paris-La-Défense Cedex
Tél. 33 (0)1 41 35 48 02 - Fax 33 (0)1 41 35 36 97

TOTAL LUBRIFIANTS : Société Anonyme au capital de 27 085 708 €.
Siège social : Le Diamant B - 16, rue de la République –
92970 Paris-La-Défense Cedex France B 552 006 454 RCS Nanterre



TOTAL



5

# *Lubmarine*

13.3 If an amicable solution cannot be reached within thirty (30) days from the notification of one party to the agreement to the other of the occurrence of an hardship situation ("the Negotiation Period"), then the present contract may be terminated without prejudice of any kind by either party after a second period of thirty (30) days ("the Termination Period") starting on the last day of the Negotiation Period.

## 14. GOVERNING LAW

The interpretation, validity and execution of this agreement shall be governed by the English law.

## 15. SETTLEMENT OF DISPUTES

Any disputes, controversy or claim arising between the parties hereto out of or relating to this agreement, or the breach, termination or invalidity thereof, shall be settled by arbitration in PARIS (FRANCE) in accordance with the International Chamber of Commerce Arbitration Rules in force at the time of such claim.

## 16. MISCELLANEOUS:

16.1 The present agreement will constitute the entire agreement between the parties within the limits of its objective and therefore terminates and supersedes anything having occurred on the same subject between the parties before.

16.2 No modification whatsoever concerning the nature, scope, duration or frequency shall be regarded as creating entitlement or as implying renunciation of any of the clauses and conditions of the present agreement without restriction.

16.3 The present agreement may be modified only by a written agreement signed by the authorized representatives of the two parties.





Adresse postale : Le Diamant B - 16, rue de la République - 92922 Paris-La-Défense Cedex
Tel. 33 (0)1 41 35 48 02 - Fax 33 (0)1 41 35 36 97

TOTAL LUBRIFIANTS : Société Anonyme au capital de 27 085 708 €.
Siège social : Le Diamant B - 16, rue de la République --
92970 Paris-La-Défense Cedex France B 552 006 454 RCS Nanterre



# Lubmarine

## 17. ANNEXES

Annex 1. Vessel Name List
Annex 2. International Price List (IPL) including General Terms of Sale (GTS)
Annex 3. International Ports Directory (IPD)
Annex 4. Continuous Supplies Discounts
Annex 5. Resulting Net prices

**IN WITNESS WHEREOF,** the present Agreement is signed on the below-mentioned date.

This Agreement is made of 25 pages + Annexes.

Signed in:
On the :

For **HUB SHIPPING SDN BHD**
9th Floor, Menara Lien Hoe
No. 8, Persiaran Tropicana
Tropicana Golf & Country Resort
47410 Petaling Jaya
Selangor Darul Ehsan, West Malaysia

For **TOTAL LUBRIFIANTS S.A.**
Le Diamant B – 16
Rue De La Republique
92922, Paris.
La Defense Cedex, France

Yii Ming Sung
Director

Signature:



Caroline HUOT
General Manager

Signature:

Company stamp:



Company Stamp:

Adresse postale : Le Diamant B - 16, rue de la République - 92922 Paris-La-Défense Cedex
Tel. 33 (0)1 41 35 48 02 – Fax 33 (0)1 41 35 36 97

TOTAL LUBRIFIANTS : Société Anonyme au capital de 27 085 708 €.
Siège social : Le Diamant B - 16, rue de la République –
92970 Paris-La-Défense Cedex France B 552 006 454 RCS Nanterre

**TOTAL**

7

## Lubmarine

**ANNEX 1**
**VESSEL NAME LISTS**

| NO | Ship Name | Type |
|---|---|---|
| 1. | BOUGAINVILLA | General Cargo Ship |
| 2. | CARNATION | Container Ship (Fully cellular) |
| 3. | HELECONIA | Container Ship (Fully cellular) |
| 4. | HIBISCUS | General Cargo Ship |
| 5. | HUB BINTULU | Container Ship (Fully cellular) |
| 6. | HUB ENZO | Container Ship (Fully cellular) |
| 7. | HUB GALLARDO | Container Ship (Fully cellular) |
| 8. | HUB GRANDIOSE | Container Ship (Fully cellular) |
| 9. | HUB KUCHING | Container Ship (Fully cellular) |
| 10. | HUB STELLAR | Container Ship (Fully cellular) |
| 11. | HUB TRADER | Container Ship (Fully cellular) |
| 12. | HUB EXPLORER | Container Ship (Fully cellular) |
| 13. | LOTUS | General Cargo Ship |
| 14. | PLATINUM DIAMOND | Container Ship (Fully cellular) |
| 15. | PLATINUM EMERALD | Container Ship (Fully cellular) |
| 16. | PLATINUM JADE | Container Ship (Fully cellular) |
| 17. | SAIPAN CARRIER | Container Ship (Fully cellular) |
| 18. | SAIPAN LEADER | General Cargo Ship |
| 19. | SAIPAN MARINER | Container Ship (Fully cellular) |
| 20. | SAIPAN SKIPPER | Container Ship (Fully cellular) |
| 21. | SAIPAN STAR | Container Ship (Fully cellular) |
| 22. | SAIPAN VOYAGER | Container Ship (Fully cellular) |
| 23. | SAIPAN WINNER | General Cargo Ship |
| 24. | TRILIUM | Container Ship (Fully cellular) |





**TOTAL**

Adresse postale : Le Diamant B - 16, rue de la République - 92922 Paris-La-Défense Cedex
Tel. 33 (0)1 41 35 48 02 - Fax 33 (0)1 41 35 38 97

TOTAL LUBRIFIANTS : Société Anonyme au capital de 27 085 708 €.
Siège social : Le Diamant B - 16, rue de la République --
92970 Paris-La-Défense Cedex France B 552 006 454 RCS Nanterre

8



# *Lubmarine*

### ANNEX 2
### INTERNATIONAL PRICE LIST

"As a separate document which Buyer acknowledged to have received prior to the signing of this agreement"

Adresse postale : Le Diamant B - 16, rue de la République - 92922 Paris-La-Défense Cedex
Tel. 33 (0)1 41 35 48 02 - Fax 33 (0)1 41 35 36 97

TOTAL LUBRIFIANTS : Société Anonyme au capital de 27 085 708 €.
Siège social : Le Diamant B - 16, rue de la République –
92970 Paris-La-Défense Cedex France B 552 006 454 RCS Nanterre



**TOTAL**

9

# Lubmarine

**ANNEX 3**
**INTERNATIONAL PORTS DIRECTORY**

**"As a separate document which Buyer acknowledged to have received prior to the signing of this agreement"**



Adresse postale : Le Diamant B - 16, rue de la République - 92922 Paris-La-Défense Cedex
Tel. 33 (0)1 41 35 48 02 - Fax 33 (0)1 41 35 36 97

TOTAL LUBRIFIANTS : Société Anonyme au capital de 27 085 708 €.
Siège social : Le Diamant B - 16, rue de la République –
92970 Paris-La-Défense Cedex France B 552 006 454 RCS Nanterre

10

# EXHIBIT B

| Period | Rate |
|---|---|
| 01/01/2009 onwards | 7.05% |
| 01/09/2008 to 31/12/2008 | 7.40% |
| 01/11/2008 to 31/08/2008 | 6.60% |

Source: BNP-Paribas

| Item | Billing date | Vessel | Amount | Curr. | Due date | Today | Arrears | coeff | interests |
|---|---|---|---|---|---|---|---|---|---|
| 100833679 | 17.02.2009 | Cf n°3070058422 | 958.48 | USD | 17-févr.-09 | 31-août-09 | 195 | 0.534247 | 36.10 |
| 3000540137 | 19.12.2008 | PMT 19/12/2008 | 14.51 | USD | 26-oct.-08 | 31-août-09 | 309 | - | - |
| 3000549968 | 19.12.2008 | PMT 19/12/2008 | 8.71 | USD | 18-nov.-08 | 31-août-09 | 286 | - | - |
| 3000542216 | 19.12.2008 | PMT 19/12/2008 | 0.7 | USD | 1-nov.-08 | 31-août-09 | 303 | - | - |
| 3000549953 | 19.12.2008 | PMT 19/12/2008 | 14.21 | USD | 18-nov.-08 | 31-août-09 | 286 | - | - |
| 700117260 | 22.01.2009 | PMT 22/01/2009 | -217,443.70 | USD | 22-janv.-09 | 31-août-09 | 221 | - | - |
| 700121324 | 03.03.2009 | PMT 03/03/2009 | -11,593.44 | USD | 3-mars-09 | 31-août-09 | 181 | - | - |
| 700129456 | 13.05.2009 | 13/05/2009 VIRT | -50,000.00 | USD | 13-mai-09 | 31-août-09 | 110 | - | - |
| 700132838 | 12.06.2009 | PMT 12/06/2009 | -30,000.00 | USD | 12-juin-09 | 31-août-09 | 80 | - | - |
| | 26.08.2009 | PMT 26/08/2009 | -19,978.00 | USD | 26-août-09 | 31-août-09 | 5 | - | - |
| 3000556012 | 03.10.2008 | SAIPAN WINNER | 12,940.67 | USD | 2-déc.-08 | 31-août-09 | 272 | 0.745205 | 679.86 |
| 3000556664 | 06.10.2008 | SAIPAN CARRIER | 19,567.65 | USD | 5-déc.-08 | 31-août-09 | 269 | 0.736986 | 1,016.69 |
| 3000557350 | 07.10.2008 | SAIPAN MARINER | 2,971.78 | USD | 6-déc.-08 | 31-août-09 | 268 | 0.734247 | 153.33 |
| 3000557950 | 08.10.2008 | SAIPAN VOYAGER | 17,571.90 | USD | 7-déc.-08 | 31-août-09 | 267 | 0.731507 | 908.20 |
| 3000559222 | 10.10.2008 | Hub Stellar | 42,309.96 | USD | 9-déc.-08 | 31-août-09 | 265 | 0.726027 | 2,165.63 |
| 3000560398 | 14.10.2008 | Platinum Emerald | 11,221.20 | USD | 13-déc.-08 | 31-août-09 | 261 | 0.715068 | 565.69 |
| 3000562216 | 17.10.2008 | CARNATION | 12,224.82 | USD | 16-déc.-08 | 31-août-09 | 258 | 0.706849 | 609.20 |
| 3000562843 | 20.10.2008 | Heleconia | 18,775.15 | USD | 19-déc.-08 | 31-août-09 | 255 | 0.69863 | 924.74 |
| 3000563414 | 21.10.2008 | HUB BINTULU | 14,417.70 | USD | 20-déc.-08 | 31-août-09 | 254 | 0.69589 | 707.34 |
| 3000563424 | 21.10.2008 | HUB BINTULU | 16,012.18 | USD | 20-déc.-08 | 31-août-09 | 254 | 0.69589 | 785.56 |
| 3000563992 | 22.10.2008 | SAIPAN SKIPPER | 18,791.59 | USD | 21-déc.-08 | 31-août-09 | 253 | 0.693151 | 918.29 |
| 3000564006 | 22.10.2008 | HUB TRADER | 16,071.84 | USD | 21-déc.-08 | 31-août-09 | 253 | 0.693151 | 785.38 |
| 3000568037 | 31.10.2008 | Platinum Emerald | 15,605.00 | USD | 30-déc.-08 | 31-août-09 | 244 | 0.668493 | 735.44 |
| 3000568047 | 31.10.2008 | Hub Grandiose | 9,365.50 | USD | 30-déc.-08 | 31-août-09 | 244 | 0.668493 | 441.38 |
| 3000570011 | 06.11.2008 | SAIPAN VOYAGER | 8,628.20 | USD | 5-janv.-09 | 31-août-09 | 238 | 0.652055 | 396.55 |
| 3000581759 | 09.12.2008 | Hub Gallardo | 28,902.30 | USD | 7-févr.-09 | 31-août-09 | 205 | 0.561644 | 1,134.37 |
| 3000581759 | 06.03.2009 | Hub Gallardo | -253.51 | USD | 7-févr.-09 | 31-août-09 | 205 | - | - |
| 3000588201 | 31.12.2008 | HUB KUCHING | 1,664.16 | USD | 1-mars-09 | 31-août-09 | 183 | 0.50137 | 58.82 |
| 3000588210 | 31.12.2008 | HUB BINTULU | 9,848.10 | USD | 1-mars-09 | 31-août-09 | 183 | 0.50137 | 348.10 |
| 3000591542 | 14.01.2009 | Platinum Jade | 6,467.60 | USD | 15-mars-09 | 31-août-09 | 169 | 0.463014 | 211.12 |
| 3000591543 | 14.01.2009 | TRILLIUM | 1,573.58 | USD | 15-mars-09 | 31-août-09 | 169 | 0.463014 | 51.37 |
| 3000591544 | 14.01.2009 | SAIPAN STAR | 17,052.78 | USD | 15-mars-09 | 31-août-09 | 169 | 0.463014 | 556.64 |
| 3000591545 | 14.01.2009 | Platinum Emerald | 11,318.30 | USD | 15-mars-09 | 31-août-09 | 169 | 0.463014 | 369.46 |
| 3000597324 | 29.01.2009 | HUB BINTULU | 11,318.30 | USD | 30-mars-09 | 31-août-09 | 154 | 0.421918 | 336.67 |
| 3000597325 | 29.01.2009 | SAIPAN STAR | 15,525.05 | USD | 30-mars-09 | 31-août-09 | 154 | 0.421918 | 461.80 |
| 3000597933 | 30.01.2009 | CARNATION | 7,785.00 | USD | 31-mars-09 | 31-août-09 | 153 | 0.419178 | 230.06 |

| Period | Rate |
|---|---|
| 01/01/2009 onwards | 7.05% |
| 01/09/2008 to 31/12/2008 | 7.40% |
| 01/01/2008 to 31/08/2008 | 6.60% |

Source: BNP-Paribas

| Item | Billing date | Vessel | Amount | Curr. | Due date | Today | Arrears | coeff | interests |
|---|---|---|---|---|---|---|---|---|---|
| 3000600127 | 05.02.2009 | SAIPAN VOYAGER | 7,685.17 | USD | 6-avr.-09 | 31-août-09 | 147 | 0.40274 | 218.21 |
| 3000600131 | 05.02.2009 | Heleconia | 14,971.96 | USD | 6-avr.-09 | 31-août-09 | 147 | 0.40274 | 425.10 |
| 3000601156 | 09.02.2009 | HUB TRADER | 14,509.13 | USD | 10-avr.-09 | 31-août-09 | 143 | 0.391781 | 400.75 |
| 3000601157 | 09.02.2009 | SAIPAN MARINER | 16,216.15 | USD | 10-avr.-09 | 31-août-09 | 143 | 0.391781 | 447.90 |
| 3000604254 | 17.02.2009 | Platinum Jade | 12,073.62 | USD | 18-avr.-09 | 31-août-09 | 135 | 0.369863 | 314.82 |
| 3000604860 | 18.02.2009 | SAIPAN VOYAGER | 13,725.30 | USD | 19-avr.-09 | 31-août-09 | 134 | 0.367123 | 355.24 |
| 3000604864 | 18.02.2009 | LOTUS | 2,627.34 | USD | 19-avr.-09 | 31-août-09 | 134 | 0.367123 | 68.00 |
| 3000604893 | 18.02.2009 | Hub Grandiose | 21,761.04 | USD | 19-avr.-09 | 31-août-09 | 134 | 0.367123 | 563.22 |
| 3000604895 | 18.02.2009 | HUB ENZO | 42,293.28 | USD | 19-avr.-09 | 31-août-09 | 134 | 0.367123 | 1,094.64 |
| 3000604901 | 18.02.2009 | HUB KUCHING | 24,263.96 | USD | 19-avr.-09 | 31-août-09 | 134 | 0.367123 | 514.25 |
| 3070058422 | 09.02.2009 | HUB KUCHING | -4,395.05 | USD | 9-févr.-09 | 31-août-09 | 203 | | |
| 3000604905 | 18.02.2009 | SAIPAN SKIPPER | 8,676.99 | USD | 19-avr.-09 | 31-août-09 | 134 | 0.367123 | 224.58 |
| 3000604907 | 18.02.2009 | SAIPAN VOYAGER | 10,935.27 | USD | 19-avr.-09 | 31-août-09 | 134 | 0.367123 | 283.03 |
| 3000604915 | 18.02.2009 | Hub Grandiose | 21,515.67 | USD | 19-avr.-09 | 31-août-09 | 134 | 0.367123 | 556.87 |
| 3000604919 | 18.02.2009 | SAIPAN CARRIER | 15,637.88 | USD | 19-avr.-09 | 31-août-09 | 134 | 0.367123 | 404.74 |
| 3000604933 | 18.02.2009 | Heleconia | 18,430.52 | USD | 19-avr.-09 | 31-août-09 | 134 | 0.367123 | 477.02 |
| 3000605789 | 20.02.2009 | SAIPAN WINNER | 10,185.71 | USD | 21-avr.-09 | 31-août-09 | 132 | 0.361644 | 252.66 |
| 3000605789 | 06.03.2009 | SAIPAN WINNER | -275.72 | USD | 21-avr.-09 | 31-août-09 | 132 | | |
| 3000607407 | 25.02.2009 | Hub Stellar | 16,235.70 | USD | 26-avr.-09 | 31-août-09 | 127 | 0.347945 | 398.26 |
| 3000607409 | 25.02.2009 | Platinum Diamond | 10,679.08 | USD | 26-avr.-09 | 31-août-09 | 127 | 0.347945 | 261.96 |
| 3000610824 | 05.03.2009 | SAIPAN WINNER | 15,869.30 | USD | 4-mai-09 | 31-août-09 | 119 | 0.326027 | 364.75 |
| 3000610825 | 05.03.2009 | Hub Gallardo | 16,860.20 | USD | 4-mai-09 | 31-août-09 | 119 | 0.326027 | 387.53 |
| 3000614162 | 13.03.2009 | LOTUS | 9,053.23 | USD | 12-mai-09 | 31-août-09 | 111 | 0.30411 | 194.10 |
| 3000614164 | 13.03.2009 | SAIPAN MARINER | 16,384.79 | USD | 12-mai-09 | 31-août-09 | 111 | 0.30411 | 351.29 |
| 3000614165 | 13.03.2009 | HUB BINTULU | 5,128.99 | USD | 12-mai-09 | 31-août-09 | 111 | 0.30411 | 109.96 |
| 3000614167 | 13.03.2009 | SAIPAN VOYAGER | 7,762.80 | USD | 12-mai-09 | 31-août-09 | 111 | 0.30411 | 166.43 |
| 3000614168 | 13.03.2009 | HUB ENZO | 22,397.00 | USD | 12-mai-09 | 31-août-09 | 111 | 0.30411 | 480.19 |
| 3000615465 | 17.03.2009 | Platinum Jade | 26,064.01 | USD | 16-mai-09 | 31-août-09 | 107 | 0.293151 | 538.67 |
| 3000615488 | 17.03.2009 | SAIPAN CARRIER | 12,654.21 | USD | 16-mai-09 | 31-août-09 | 107 | 0.293151 | 261.53 |
| 3000616043 | 18.03.2009 | SAIPAN STAR | 9,540.00 | USD | 17-mai-09 | 31-août-09 | 106 | 0.290411 | 195.32 |
| 3000616051 | 18.03.2009 | SAIPAN SKIPPER | 11,465.63 | USD | 17-mai-09 | 31-août-09 | 106 | 0.290411 | 234.75 |

| | | |
|---|---|---|
| Total overdue | 450,589.43 | USD |
| Total due interests | 26,132.08 | USD |
| Total outstanding | 476,721.51 | USD |